JS-6    O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 13-2156-DOC (SHx)                          Date: January 14,  2014
State Case No.: MVC1300775

Title: NATIONSTAR MORTGAGE, LLC, V. JOSIAH A. ILORI, GRACE T. ILORI

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Julie Barrera                                    Not Present
Courtroom Clerk                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT:
None Present                                    None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO REMAND [7]**

        Before the Court is Plaintiff's Motion to Remand (Dkt. 7). Having considered
Defendants' Notice of Removal alongside Plaintiff's Memorandum of Points and Authorities,
Declaration, and Exhibits, the Court GRANTS Plaintiff's Motion to Remand.

## I.      BACKGROUND

        This case involves an unlawful detainer action brought by Nationstar Mortgage, LLC
("Plaintiff") against Josiah A. Ilori and Grace T. Ilori ("Defendants") in the Superior Court of
California, County of Riverside, Moreno Valley Court.

        On February 27, 2012, Defendants executed a Grant Deed In Lieu of Foreclosure
transferring title of real property located at 131 Elena Ave., Riverside CA 92507 ("Property") to the
Federal National Mortgage Association. Pl.'s Compl. Ex. A (Dkt. 1). Title to the Property was duly
perfected on March 19, 2012 by recording of the Grant Deed in the Official Records, County of
Riverside. *Id.*

        On December 6, 2012, the Federal National Mortgage Association conveyed title of the
Property to Plaintiff by a Quitclaim Deed. Pl.'s Compl. Ex. B (Dkt. 1). This deed was recorded on
December 13, 2012 in the Official Records, County of Riverside. *Id.*

On February 9, 2013, a California licensed process server served a three-day written notice to quit and deliver possession of the Property on Defendants in compliance with California Code of Civil Procedure Section 1162. Pl.'s Compl. Ex. C (Dkt. 1). The time given by the notice has expired. *Id*.

On February 14, 2013, Plaintiff commenced this action by filing a Complaint for Unlawful Detainer in the Superior Court of California. Def.'s Notice of Removal Ex. "Pl.'s Compl." (Dkt. 1). Plaintiff asserted one cause of action pursuant to California Code of Civil Procedure Section 1161(a). *Id*.

On February 20, 2013, Defendants were served with copies of the Summons and Complaint. Pl.'s Mot. to Remand Ex. B (Dkt. 7).

On November 22, 2013, Defendants filed a Notice of Removal in the United States District Court for the Central District of California (Dkt. 1), prompting Plaintiff's Motion to Remand (Dkt. 7), which is now before the Court.

## II.   LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Though not immediately apparent from the language of the statute, 28 U.S.C. § 1447(c) "differentiates between removals that are defective because of lack of subject-matter jurisdiction and removals that are defective for some other reason, e.g., because the removal took place after relevant time limits had expired." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998). The presence of either defect—lack of subject-matter jurisdiction or defective removal procedure—constitutes sufficient grounds for the court to remand the case. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995). Indeed, because 28 U.S.C. § 1447(c) contains the word "shall," not the word "may," the court is powerless to hear the case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ("[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).").

To remand based upon a procedurally defective removal, "there must be a motion to remand filed no later than 30 days after the filing of the removal notice," or else objection to the defect is waived. *Schacht*, 524 U.S. at 392. By contrast, to remand based upon a lack of subject matter jurisdiction, a motion may be made "at any time before final judgment." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996). In addition, the court may remand sua sponte, not just upon motion by a party. *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1295 (C.D. Cal. 2000).

A defendant may generally remove a civil action from a state court to a federal court "embracing the place where such action is pending" if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see*

*Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807-08 (1986). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Therefore, if the district court has a basis for subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the action may be removed by a defendant. *Caterpillar Inc.*, 519 U.S. at 68-69 (1996); *Schacht*, 524 U.S. at 386.

However, a major limitation exists regarding the defendant's right to removal. A defendant may not remove a civil action to federal court in the state in which the action was brought if the defendant is a citizen of that state. 28 U.S.C. § 1441(b)(2); *see Lincoln Property Co. v. Roche*, 546 U.S. 81, 90, n.6 (2005) (noting lower courts' characterization of the defect as procedural, not jurisdictional). Thus, a district court must remand a case removed by a "local" defendant—that is, a defendant who is a citizen of the state in which the action was originally brought—because this constitutes a procedurally defective removal. *See Spencer v. United States Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870  (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

## III.   ANALYSIS

Defendants assert that removal is proper based upon diversity and federal question jurisdiction. Notice of Removal (Dkt. 1). Plaintiff, on the other hand, argues that: (1) federal question jurisdiction is absent; (2) diversity jurisdiction is absent; and (3) removal was procedurally defective because it occurred more than 30 days after the original complaint was filed. Mot. to Remand (Dkt. 7). This Court agrees with Plaintiff that subject-matter jurisdiction is lacking and that the removal is procedurally defective.

First, there is no federal question presented in this case because this is a state law unlawful detainer action. *See* Cal. Civ. Proc. Code § 1161 (West 2012); *see also S.P. Growers Assn. v. Rodriguez*, 17 Cal. 3d 719, 726-27 (characterizing unlawful detainer actions as state law); *De La Vara v. Mun. Court*, 98 Cal. App. 3d 638, 642 ("[U]nlawful detainer is a statutory action and the requirements for a complaint are expressly set forth in the statute.") (internal citations omitted). This Court has a duty to interpret pro se pleadings liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). But, even interpreted liberally, the only federal questions the Court can conceive of in Defendants' pleadings would take the form of defenses available to them under federal law. *See, e.g.,* Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. Such defenses, however, are insufficient because "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In other words, "[a] case may not be removed to federal court on the basis of a federal *defense*." *Id*. at 393 (emphasis added).

Here, Plaintiff's complaint asserts a single cause of action wholly grounded in state law, and it is irrelevant whether Defendants raise any federal questions as defenses. *See Deutsche Bank Trust Co. Americas v. Ale*, No. 13-00350, 2013 WL 781996, at *1 (C.D. Cal. Feb. 28, 2013)

(remanding case for lack of federal question jurisdiction in unlawful detainer action); c*f. Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1038 (N.D. Cal. 2005) (denying motion to remand and holding that state law unlawful detainer actions concerning property in federal enclaves establish a basis for removal based upon federal question jurisdiction). Thus, there exists no independent basis for jurisdiction under 28 U.S.C. § 1331 that would allow removal by Defendants.

Similarly, there exists no basis for jurisdiction under 28 U.S.C. § 1332. While it is true that Plaintiff and Defendants are citizens of different States, Plaintiff's original complaint explicitly seeks damages not exceeding $10,000. Pl.'s Compl. (Dkt. 1). This fails to satisfy the $75,000 "amount in controversy" requirement under 28 U.S.C. § 1332. *See Deutsche Bank*, at *2 (finding no diversity jurisdiction on similar facts). Thus, despite the presence of complete diversity of citizenship between the parties, this Court has no basis for jurisdiction under 18 U.S.C. § 1332.

Finally, Defendants in this case are "local" defendants who have attempted to remove a civil action to a federal court within the state in which the action was originally brought. This maneuver is explicitly prohibited by 28 U.S.C. § 1441(b)(2). *U.S. Bank Nat. Ass'n v. Gudoy*, No. 10-1440, 2010 WL 4974570, at *3 (Nov. 30, 2010). Plaintiff properly objected to removal within the 30-day period specified in 28 U.S.C. § 1447(c). *See* Pl.'s Mot. to Remand (Dkt. 7) (Notice of Removal filed on 11/22/13 and Motion to Remand filed on 12/09/13); *cf. Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 942 (9th Cir. 2006) (holding that "forum defendant rule" is a procedural requirement, and vacating district court's order to remand because plaintiff waived defect by failing to object within 30 days). Thus, removal is improper in this case and the Court must remand. *See Catlett v. McKesson Corp.*, No. 13-03067, 2013 WL 4516732, at *2 (N.D. Cal. Aug. 23, 2013) (granting motion to remand because of the presence of a "forum defendant").

## IV.  DISPOSITION

Accordingly, the Court GRANTS Plaintiff's Motion to Remand because it lacks subject matter jurisdiction over Plaintiff's unlawful detainer action, and because removal is procedurally defective pursuant to 28 U.S.C. § 1441(b)(2).

The Court hereby REMANDS this action to the Superior Court of California.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                          Initials of Deputy Clerk: jcb